Ingraham, J.
I do not think that this is a case in which the plaintiff should be compelled to reply to the new matter set up in the answer by way of avoidance. The answer is extremely long and alleges a vast number of facts, of many of which the plaintiff can have no knowledge. An admission by the plaintiff of the truth of those allegations of which he may be presumed to have knowledge, would not necessarily determine the action. The object of the provision of the Code, under which a plaintiff may be compelled to reply, is where one definite fact is alleged as a defense by way of avoidance of which the plaintiff is presumed to have knowledge, and where an admission of that fact would determine the action or a cause of action alleged in the complaint, that the plaintiff should be compelled to say whether or not that fact is true, so that the parties may avoid the necessity of a trial *459 when a fact exists that would in effect determine the cause of action. . The principal object of the allegations in the answer would appear to be to estop plaintiff from questioning the acts of the defendants alleging that they were done with his knowledge and approval, and I cannot see that it would aid in the disposal of this case to compel the plaintiff to now state in a pleading which of the facts alleged in the answer he has knowledge.
Motion denied, with $10 costs to abide the event.